UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                        **DECISION AND ORDER**
                                                      10-CR-303-A

DANIEL A. BLACK,
                     Defendant.

      The defendant, Daniel A. Black, has moved for early termination of a sentence of supervised release. Defendant Black's motion is based upon his compliance with the terms and conditions of supervised release during the first 14 months of the two-year term of supervision and because a travel-restriction condition makes business-related travel difficult for him. Alternatively, defendant moves that the travel restriction be lifted on the ground that it does not serve a valid purpose of sentencing.

      The United States and the United States Probation Office oppose defendant Black's motion for early termination of his term of supervised release. Because defendant points to no new or unforseen circumstances justifying early termination of supervised release under Fed. R. Crim. P. 32.1 and 18 U.S.C. § 3583(e)(1), his motion for early termination is denied without prejudice. Defendant's alternative motion to lift the travel restriction is also denied pursuant to Fed. R. Crim. P. 32.1 and 18 U.S.C. § 3583(e)(2) without prejudice.

**BACKGROUND**

On October 22, 2011, defendant Black, an otherwise successful and law-abiding businessman, pled guilty to a two-Count Information. The first Count charged Filing a False Tax Return in violation of 26 U.S.C. § 7206(1). Defendant failed to report more than $500,000 of income for the tax years 2005 through 2007 when his business paid some personal expenses and defendant did not declare the income on his tax returns. The unpaid tax was approximately $190,000.

Defendant Black also pled guilty to a Clean Air Act violation of 42 U.S.C. §§ 7413(c)(1) and 40 for his knowing Failure to Conduct an Inspection Before Commencement of Renovation Activity. The offense involved asbestos abatement in a building at 68 Blackstone Avenue, Jamestown, New York, owned by defendant's separately-incorporated business. The business used four temporary workers to remove steam pipes from the building that were insulated with materials containing asbestos, but did not use safe and lawful asbestos-handling and asbestos-disposal practices.

On March 1, 2011, defendant Black was sentenced to 12 months and one day imprisonment to be followed by supervised release for two years. The term of imprisonment was substantially below the advisory Sentencing Guidelines range of 18 to 24 months imprisonment for the offenses defendant committed. A standard travel restriction was imposed on defendant during the term of

supervised release under U.S. Sentencing Guidelines Manual § 5D1.3(c)(1) (2010). Defendant was also sentenced to pay a $30,000 fine, restitution of approximately $190,000, and special assessments. Defendant has paid the financial obligations.

Defendant Black lives in Florida. Prior to the start of defendant's term of supervised release, supervision was transferred from this District to the U.S. Probation Office in the Middle District of Florida. Defendant began his term of supervised release on March 8, 2012, when he was released from imprisonment.

Almost immediately after defendant Black's release from imprisonment, on March 10, 2012, he moved for modification of the travel-restriction condition on his supervised release to permit him to travel during the first 60 days of his supervision, and to permit travel without prior approval by the Court or his supervising U.S. Probation Officer throughout the two-year term of supervised release. The motion was denied by the Court as moot after the Court was informed by U.S. Probation that defendant would generally be permitted to travel provided he gave U.S. Probation two weeks notice of verifiable business-related travel and obtained approval from U.S. Probation.

## DISCUSSION

A district court may discharge a defendant and terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the

defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In making such a determination, a court is to consider the purposes of sentencing referenced in 3583(e)(1), which include: (A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (E) applicable guidelines or policy statements issued by the Sentencing Commission; and (F) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). Retributive punishment is not relevant to a termination or modification of supervision and is not to be considered in this context. *See* 18 U.S.C. § 3583(e)(1) (omitting reference to § 3553(a)(2)(A)).

Within the Second Circuit, early termination of supervised release may be granted "[o]ccasionally" when there are "new or unforseen circumstances." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997).[1] Unforseen circumstances may arise when the defendant exhibits "exceptionally good

---

[1] In some other Circuits, a showing of changed circumstances is not required. *See e.g., United States v. Begay*, 631 F.3d 1168, 1172 (10th Cir. 2011).

behavior" that would "render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals."  *Id.  (*construing § 3583(e)(2)).

District courts retain authority under 18 U.S.C. § 3583(e) to terminate a term of supervised release early in the interest of justice.  *Lussier*, 104 F.3d at 36.  By the same token, supervised release may be lengthened  "at any time prior to its expiration or termination" even in the absence of a violation of conditions, provided the court considers the purposes of sentencing referenced in § 3583(e).  *See United States v. Vargas*, 564 F.3d 618, 623-24 (2d Cir. 2009).

In support of his motion for early termination of his supervised release, defendant Black stresses his compliance with the conditions of his release during the first 14 months of his two year term of supervised release.  Defendant relies upon his own assessment of his compliance in light of factors listed in the Administrative Office of the United States Courts, Guide to Judiciary Policy, Vol. 8, Part E, Supervision of Federal Offenders, Monograph 109, § 380.10(b)(1)–(9) which is an internal guide for U.S. Probation Officers.

However, compliance with the terms of a defendant's supervision, by itself, does not entitle a defendant to early termination.  *United States v. Jimenez*, Nos. 99 Cr. 1110–02, 99 Cr. 1193–04, 2012 WL 3854785, at *1 (S.D.N.Y. Sept. 5, 2012); *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998).  Everyone serving a sentence of supervised release is required to comply with the

5

conditions of supervision and faces serious sanctions for any substantial failure to do so.  18 U.S.C. § 3583(e), (g).  Compliance with conditions of supervision may be a prerequisite to early termination, but it does not satisfy the interest-of-justice test for early discharge from supervised release in light of the general purposes of sentencing referred to in § 3583(e)(1).

Defendant Black also argues that his compliance with the travel-restriction imposed upon him, and the requirement that he seek pre-approval of business travel from U.S. Probation two weeks prior to any travel, is having a negative effect on his ability to travel for his business.  He argues no purpose is served by the travel restriction.

In general, a sentence to supervised release is to a term of community supervision following a period of imprisonment.  *See* 18 U.S.C. § 3624(e); *see United States v. Reyes*, 283 F.3d 446, 456 n.2 (2nd Cir. 2002).  Unlike parole, supervised release is not a form of early release from prison; it is a separate sentence imposed together with a sentence to imprisonment.  18 U.S.C. § 3583; *Reyes*, 283 F.3d at 456.  The purposes of supervise release are to  "fulfull[] rehabilitative ends distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000) (citing S.Rep. No. 98-225, at 124 (1984) *reprinted in* 1984 U.S.C.C.A.N. 3182, 3307).

While defendant Black argues that his travel restriction is having a negative effect on his business, he does not establish more than that the travel-approval

process is inconvenient.  For example, defendant reports no specific instance when the travel-approval process has had a concrete negative effect on his business, no instance when he sought and was denied expedited approval for important business travel, and he reports no efforts on his part to mitigate negative effects his business is suffering.  Defendant does not provide the Court enough information to find even an intangible impact on the business because has lost potential opportunities due to being unable to travel without supervision.

The Court's relatively lenient, below-Guidelines sentence of a year and one day imprisonment was not imposed to suggest that defendant Black's $500,000 tax perjury and Clean Air Act violation involving asbestos exposure to temporary employees of his business were not serious offenses needing serious sentences.  The restrictions on defendant's liberty while on supervised release are necessary to reinforce the imperative that defendant never engage in any similar criminal offenses.  His travel restriction is a standard condition imposed upon the Policy Statement recommendation of the United States Sentencing Commission, U.S.S.G. § 5D1.3(c)(1), and it serves to ensure that defendant's sentence is roughly uniform and proportionate when compared to the sentences of other persons with similar backgrounds who have been found guilty of similar conduct.

The Court encourages defendant Black's work to build his business.  The rehabilitative value of such work is potentially substantial.  Nevertheless, defendant has failed to show that his travel restriction is impeding his work.  He

7

has also failed to provide information establishing that early discharge from supervised release, or termination the standard travel restriction, would serve appropriate purposes of sentencing and be in the interest of justice.

## CONCLUSION

After due consideration of the purposes of sentencing in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), the motion of the defendant, Daniel A. Black, to be discharged from supervised release is denied pursuant to Fed. R. Crim. P. 32.1 and 18 U.S.C. § 3583(e)(1) without prejudice. Defendant Black's alternative motion to lift his standard travel restriction is denied pursuant to Fed. R. Crim. P. 32.1 and 18 U.S.C. § 3583(e)(2) without prejudice. If defendant seeks early discharge of his term of supervised release or relief from his travel restriction again, he is directed specifically to address each of the factors the Court is required to consider under 18 U.S.C. § 3583(e).

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: June 10, 2013